UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY L. BUNCH,

    Plaintiff,

v.                                          Case No:   8:15-cv-1727-T-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

Plaintiff, Kathy L. Bunch, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and widows insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 16) in which they set forth their respective positions.  For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for a period of disability, disability insurance benefits and widows insurance benefits on January 16, 2012, alleging disability since January 30, 2010. (Tr. 178-83). Plaintiff's application was denied initially on April 18, 2012, and upon reconsideration on June 18, 2012. (Tr. 103-12, 116-25). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge Glen H. Watkins ("the ALJ") on November 15, 2013. (Tr. 30-56). On January 29, 2014, the ALJ entered a decision finding Plaintiff had not been under a disability from January 30, 2010, through the date of the decision. (Tr. 12-29). Plaintiff requested review of the ALJ's decision and the Appeals Council denied Plaintiff's request on May 21, 2015. (Tr. 1-4). Plaintiff initiated the instant action by Complaint (Doc. 1) on July 24, 2015. The parties having filed their Joint Memorandum (Doc. 16) on April 1, 2016, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 30, 2010, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had two severe impairments: fibromyalgia and disorders of the back. (Tr. 15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except the claimant must avoid concentrated exposure to hazards." (Tr. 16).  At step four, the ALJ found that Plaintiff was capable of returning to her past relevant work as a cardiography technician, as this work does not require the performance of work-related activities precluded by Plaintiff's RFC.  (Tr. 21).  The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 30, 2010, through the date of the decision, January 29, 2014.  (Tr. 22).

## II.     Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ's nonsevere mental impairment finding, and RFC finding which omitted any mental impairment is supported by Agency policy and substantial evidence; and (2) whether the ALJ erred in analyzing the opinion of Plaintiff's treating physician, in accordance with 20 C.F.R. § 404.1527 and prevailing Eleventh Circuit precedent.

### a.   Whether the ALJ's nonsevere mental impairment finding, and RFC finding which omitted any mental impairment is supported by Agency policy and substantial evidence.

Plaintiff argues that her anxiety and depression, as evidenced in the record, have more than a minimal impact on her ability to work and therefore the ALJ erred at step two by failing to find that these mental impairments were severe. (Doc. 16 p. 15).  Furthermore, Plaintiff argues that this error is not harmless because the ALJ's failure to recognize all of Plaintiff's severe impairments resulted in a defective RFC that does not accurately reflect her limitations. (Doc. 16 p. 15).  Plaintiff contends that inclusion of Plaintiff's mental limitations in her RFC potentially

prevent her from performing her past relevant work as an echocardiograph technician, contrary to the ALJ's finding.  (Doc. 16 p. 16).

Defendant argues that no error occurred at step two because the ALJ found that Plaintiff had severe impairments and continued to the subsequent steps of the sequential evaluation.  (Doc. 16 p. 21).  Defendant argues that that the ALJ fully evaluated Plaintiff's alleged psychological impairments and that substantial evidence supports the ALJ's RFC finding.  (Doc. 16 p. 22).

Here, to the extent Plaintiff contends the ALJ committed reversible error at step two, the Court finds this argument without merit.  At step two, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

While Plaintiff is correct that the threshold standard for step two is low, remand is not appropriate where, as here, the ALJ finds at least one severe impairment at step two.  According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x

823, 825 (11th Cir. 2010).  If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).  Because the ALJ found at least one severe impairment at step two, the Court finds it inappropriate to remand due to any error the ALJ may have committed at step two.

Even if the ALJ found that Plaintiff's alleged mental impairments were nonsevere at step two, he was still required to consider these impairments in determining Plaintiff's RFC.  *See* 20 C.F.R. § 404.145(e) (providing that "we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity.")  Thus, Plaintiff is correct that the ALJ's finding that her mental impairments were "not severe" did not relieve him of the obligation to consider all medically determinable impairments in formulating her RFC.  Thus, the Court must determine whether the ALJ considered Plaintiff's alleged mental limitations in formulating his RFC finding and whether substantial evidence supported his conclusion.

In this case, while the ALJ did not find Plaintiff's depression and anxiety to be severe impairments, the ALJ nevertheless considered these impairments in formulating Plaintiff's RFC. (Tr. 17-21).  In addition to noting Plaintiff's diagnosis for anxiety and depression throughout her medical record, the ALJ specifically addressed Plaintiff's complaints of anxiety and depression in his RFC analysis as follows:

> The evidence supports that the claimant complaints for anxiety and depression are in excess of the objective medical evidence.  The objective evidence supports a finding that her psychological problems are non-severe.  The claimant was typically medicated on a conservative basis for her mental health related complaints.  As noted above, the claimant was prescribed Xanax, Trazadone, and Ambien.  She was generally pleasant during office visits, without any evidence of mental limitations.  Her depression was noted by Dr. Latt as atypical (Exhibit 16F).  Dr. Vargas

>also noted that the claimant insight and judgment were intact, she was fully oriented, and her memory was intact for recent and remote events (Exhibit 13F/22F).

(Tr. 20).

In addition, the ALJ considered and explained that the opinions of state agency psychological experts, Dr. Wiener and Dr. Stainback, who opined that Plaintiff had mild limitations in daily living, social functioning, and concentration/persistence/pace, supported his finding that Plaintiff's mental impairments were not severe. (Tr. 21, 66, 93). Dr. Stainback found Plaintiff's alleged affective disorder was not a severe impairment. (Tr. 66, 92-93).

The ALJ gave great weight to the opinion of consultative examiner, Dr. Moering, which provides further support for his RFC finding. (Tr. 18-9, 21, 420-22). During the exam, Plaintiff reported that she lived alone without problems and had a good relationship with her family. (Tr. 420). Plaintiff complained of depression secondary to her late-husband's death, but admitted that she never received treatment for her psychiatric condition. (Tr. 421). On exam, Dr. Moering noted that Plaintiff was polite and cooperative, with unremarkable speech. (Tr. 421). Plaintiff denied delusions and hallucinations, her sight and judgment were intact, and her intellectual ability was average. (Tr. 421-22). Plaintiff stated that she did all of her chores herself, she had no problem in her daily living, she had no problems with financial management, she could cook and shop, and she had no socialization difficulties. (Tr. 422). Plaintiff had no apparent deficits in remote, recent, or immediate memory; she was alert and oriented to all spheres; her attention and concentration were normal; she could remember three words after a short delay; she could spell forwards and backwards; she could remember her activities over the past several days. (Tr. 422). These findings support the ALJ's RFC determination.

The ALJ's RFC finding is also supported by Plaintiff's daily activities. The ALJ noted that Plaintiff's mother reported that she could care for two dogs, her mental condition did not influence her personal care, could prepare food, shop, had good relationship with family and friends, talked on the phone and used the computer, and occasionally went out to lunch. (Tr. 15, 228-31). An ALJ may consider a claimant's daily activities to determine whether that claimant's symptoms are not as limiting as alleged. *See* 20 C.F.R. § 404.1529(c).

On review, the Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005). The Court finds that the ALJ's treatment of Plaintiff's alleged mental limitations at step two and in formulating Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will not disturb the ALJ's decision on appeal.

**b. Whether the ALJ erred in analyzing the opinion of Plaintiff's treating physician, in accordance with 20 C.F.R. § 404.1527 and prevailing Eleventh Circuit precedent.**

Plaintiff argues that the ALJ erred by failing to provide good cause for discounting the opinion of Plaintiff's treating physician, Dr. Khin Latt. (Doc. 16 p. 28-33). Plaintiff contends that the only specific inconsistency the ALJ identified in Dr. Latt's opinion was that Dr. Latt stated Plaintiff would require a cane or assistive device for ambulation, but never prescribed one. (Tr. 31). Plaintiff notes, however, that Dr. Latt prescribed her a cane in December 2013 and this evidence was submitted to the Appeals Council and became part of the record. (Doc. 16 p. 31).

In response, Defendant argues that the ALJ provided good reasons, supported by substantial evidence, for assigning Dr. Latt's opinion less weight when he found the opinion was

inconsistent with his own objective findings and Plaintiff's medical records as a whole. (Doc. 16 p. 33).

The record shows that on October 14, 2013, Dr. Latt completed a Physical RFC Questionnaire on Plaintiff's behalf. Dr. Latt indicated that he was Plaintiff's primary care physician for over a year. (Tr. 590). Dr. Latt diagnosed Plaintiff with degenerative disc disease of the lower back, depression, claustrophobia, irritable bowel syndrome, fibromyalgia, neuropathy, and anxiety. (Tr. 590). Dr. Latt identified symptoms of back pain, leg pain, anxiety, weakness, and fatigue and also identified findings of back muscle spasms, and tenderness at all joints. (Tr. 590). Dr. Latt stated that that the mental impairments of depression and anxiety would render her incapable of even low stress jobs. (Tr. 591). Dr. Latt opined that Plaintiff can walk less than 1 block, sit for 10 minutes at a time, and stand 10 minutes at a time. (Tr. 591). Dr. Latt found that in total Plaintiff can sit and stand/walk less than 2 hours in an 8 hour day, would need a cane for standing and walking, and never carry 10 pounds. (Tr. 592). She could never look down, rarely turn her head to the right or left, never look up, rarely hold head in static position, never twist, stoop, crouch, or climb ladders and stairs. (Tr. 593). She could use her hands less than 20% of an 8 hour day to twist objects or reach overhead. (Tr. 593).

In his decision, the ALJ explained his reasons for rejecting Dr. Latt's opinion as follows:

> On October 10, 2013, Dr. Latt provided a medical source statement finding that the claimant would be incapable of low stress jobs and limited her to a significant reduced range of sedentary work. Dr. Latt found that the claimant could never lift any weight; can only sit, stand and walk for less than two hours total in an 8-hour workday for up to one hour at one time, and would need an assistive device to ambulate; and never engage in postural limitations. The undersigned rejects Dr. Latt's opinion. Dr. Lat's assessment is inconsistent with his objective findings. For the most part, the claimant's examinations have been markedly normal. There were indications of elevated blood pressures; however, no other findings. The claimant has normal musculoskeletal examinations, normal sensation, and normal range of motion. The claimant maintains normal gait and station,

>which clearly undermines Dr. Latt's conclusions that the claimant would need an assistive device to ambulate. Additionally, Dr. Latt never prescribed the claimant an ambulation device, which undermines his conclusions. The record does not establish that a hand-held assistive device is medically required pursuant to SSR 96-9p. To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). Objectively, radiological studies have been mild or normal. Overall, the record does not support Dr. Latt's conclusions. Accordingly, the undersigned rejects Dr. Latt's opinion. (Exhibit 29F).

(Tr. 20-21).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by

the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Here, the Court finds that the ALJ committed no error in rejecting Dr. Latt's opinion. The ALJ explained in his decision that he rejected Dr. Latt's opinion because it was inconsistent with Dr. Latt's objective findings and because the overall record does not support Dr. Latt's findings. For example, the ALJ noted that despite Dr. Latt's finding that Plaintif required a cane for ambulation, there was no support in the record for this limitation at the time of the ALJ's decision. (Tr. 20-21, 592). Dr. Latt's treatment notes never indicated any ambulatory limitations nor did those notes contain any indication that Plaintiff needed an ambulatory device. (Tr. 455-56, 458-59, 461-62, 464-65, 467-68, 586-87). Other medical records consistently revealed that Plaintiff had a normal gait and balance. (Tr. 360-61, 365, 370, 371, 374-75, 380, 415, 426, 438), no joint/back/spine pain (Tr. 338, 353, 366, 374-75, 380, 438), full range of motion in her extremities (Tr. 335, 355-57, 360-61, 366, 371, 374-75, 438), normal muscle strength (Tr. 360-61, 429, 438), negative straight leg raises (Tr. 371), and mild diagnostic imaging (Tr. 384, 424, 480-81, 483). On exam, Plaintiff had no difficulty walking or standing, no muscle atrophy, normal muscle strength, normal range of motion in her extremities, and normal coordination and dexterity, (Tr. 415, 426) and ambulated without assistance. (Tr. 421-22).

In addition, Dr. Latt's opinion listed fatigue as one of Plaintiff's symptoms, his exams consistently found Plaintiff was not fatigued. (Tr. 455-56, 458-59, 461-62, 464-65, 467-68, 586-87). Dr. Latt's opinion stated that his opinion was supported by positive straight leg raises on both sides (Tr. 590), however, as Defendant notes, the record contains no evidence of positive straight leg testing. (Tr. 371). Similarly, Dr. Latt indicated in his opinion that Plaintiff had pain and tenderness in all joints (Tr. 590), but exams revealed no joint/back/spine pain. (Tr. 338, 353,

366, 374-75, 380, 438).  Based on this evidence, the Court finds that substantial evidence supports the ALJ's decision to reject Dr. Latt's opinion.

The Court rejects Plaintiff's argument that remand is necessary given the new evidence submitted to the Appeals Council.  The record shows that Plaintiff submitted two documents to Appeals Council: a prescription from Dr. Latt for a cane dated December 2013 and an application for a disabled person parking permit completed by Dr. Latt in December 2013.  The Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (20 C.F.R. §§404.970(b), 416.1470(b)).  New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*

While this evidence supports Dr. Latt's opinion, the Court does not find there is a reasonable possibility that this evidence would change the administrative outcome.  As the ALJ explained in his decision, citing to Social Security Ruling 96-9p, to establish that a handheld assistive device is medically required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e. whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)."  (Tr. 21).  Here, the documents submitted by Plaintiff fail to show the circumstances in which Plaintiff would need to use a cane.  Furthermore, as outlined above, this evidence is in conflict with evidence in the record and Dr. Latt's own treatment notes showing that Plaintiff had no problems with ambulation.

Plaintiff has failed to show that the ALJ erred in his decision to reject the opinion of Dr. Latt. Accordingly, the Court will not disturb the ALJ's finding on appeal.

### III.     Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties